IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD LEHMAN, | : | |
| Petitioner, | : | |
| | : | 1:16-cv-1739 |
| v. | : | |
| | : | Hon. John E. Jones III |
| SUPERINTENDENT SCI-ALBION, | : | |
| PA STATE ATTORNEY GENERAL, | : | |
| Respondents. | : | |

## MEMORANDUM

## December 16, 2016

On August 22, 2016, Petitioner Richard Lehman ("Lehman") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Court of Common Pleas of Adams County, Pennsylvania convictions for first degree murder and possession of an instrument of crime. (Docs. 1, 2). On October 21, 2016, Respondents filed a response (Doc. 11), accompanied by an appendix (Doc. 12), seeking to dismiss the petition as untimely filed. (Doc. 11, pp. 9-15). Lehman filed a Traverse (Doc. 13) on November 7, 2016.

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

## I.   Background

On March 10, 2011, following a non-jury trial, Lehman was convicted of two counts of murder in the first degree in violation of 18 PA.C S. A. §§ 2502(a)

and (c), and possessing instruments of crime in violation of 18 PA. C. S.A. § 907(a). (Doc. 12-15, p. 2). On March 24, 2011, he was sentenced to two consecutive terms of life imprisonment plus costs and fines. (*Id.* at 2-3). Lehman filed a timely appeal in the Superior Court of Pennsylvania. (Doc. 12-1, p. 2). On January 20, 2012, the Judgment of Sentence was affirmed. (*Id.* at 7). He filed a petition for allowance of appeal in the Supreme Court of Pennsylvania; the petition was denied on July 16, 2012. (Doc. 12-12).

Lehman pursued collateral review *via* a Post Conviction Relief Act ("PCRA") petition filed on July 12, 2013. A hearing was held on the petition and, on January 7, 2014, relief was denied. (Doc. 12-15, p. 3). A timely appeal was filed on January 15, 2014. (*Id.*) On November 5, 2014, the Superior Court affirmed the PCRA court's order denying relief. (*Id.* at 8). On April 9, 2015, Lehman's petition for allowance of appeal was denied. (Doc. 12-16, p. 2). He pursued the claim to the U.S. Supreme Court, which denied certiorari on October 5, 2015.

The instant petition was filed on August 22, 2016.

## II.    **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on March 24, 2011. His direct appeal proceedings concluded on July 16, 2012, and his judgment became final on October 14, 2012, when his time to file a petition for writ of certiorari with the United States Supreme

Court expired. The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the federal petition, that was filed on August 22, 2016, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.   Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Lehman tolled the statute of limitations on July 12, 2013, when he filed a timely PCRA. At that point, approximately 270 days of the one year limitations period had elapsed. The statute remained tolled until the conclusion of his PCRA proceedings on October 5, 2015. Petitioner was required to file his petition within 95 days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his federal habeas petition until August 22, 2016, approximately 322 days later or, 227 days after the expiration of the statute of

limitations. Consequently, his federal petition, which was received in federal court on August 22, 2016, long after the expiration of the limitations period, is untimely.

### B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Lehman failed to exercise reasonable diligence throughout the limitations period. He allowed approximately 270 days of the one year limitations period to elapse before filing his PCRA petition. And, after his PCRA proceedings concluded, he waited approximately 322 days to file his federal petition. He presents absolutely no evidence and makes no argument, other than allegations of trial counsel's ineffectiveness prior to and during his trial (Doc. 13, p. 2), which are inapposite to his pursuit of collateral review, to explain his failure to timely pursue habeas relief.

Further, he fails to demonstrate that extraordinary circumstances obstructed his pursuit of post-conviction relief in either state or federal court. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.  Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

### IV.  Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

    An appropriate order will enter.